**AILEY, Jr., and CALVERT FIRE INSURANCE COMPANY, Plaintiffs, v. FOSTER, Defendant.**

Cincinnati Municipal Court.

No. 702127.

Edward K. Halaby, Cincinnati, for plaintiffs.

James E. Kimpel, of Barbour, Kimpel and Allen, Cincinnati, for defendant.

## OPINION

By KEEFE, J.

Plaintiffs seek to recover damages sustained by plaintiff Ailey's automobile in a collision with defendant's car. Defendant says that the accident was caused through plaintiff's own negligence.

Since one of the plaintiffs is the collision insurer henceforward in this opinion reference will be made only to "plaintiff" with the intention of designating Harrison Ailey, Jr.

Defendant was proceeding north on Montgomery Road intending to make a left hand turn from Montgomery into Kincaid Street. When defendant reached the aforesaid intersection, she came to a full stop in the lane nearest the center line, and allowed traffic proceeding in the opposite direction to clear. After all oncoming cars had passed on her left she turned left into Kincaid, but when her automobile was partly, but not entirely, into Kincaid it was struck in the side by plaintiff's car moving southwardly. The parties did not have any positive awareness of each other until it was too late to avoid the accident. Prior to the collision between the two cars, plaintiff had stopped his car about 70 feet north of the intersection where the accident occurred to allow a passenger to alight to pick up food in a pizza store. Plaintiff was there about five minutes; actually all the evidence indicates it probably was closer to three or four minutes. When the passenger resumed his place in the car, plaintiff looked to his left rear and observed a traffic light changing which would allow traffic behind him to commence flowing in the same direction as he was moving. He then started to drive his automobile from the parked position at the curb line and collided with the automobile of this defendant making the left turn as explained. The weather was rainy, streets were wet, and visibility for all concerned was substantially impaired by the downpour. Just before the impact, plaintiff's car skidded on the wet street. While stationary at the curb, plaintiff kept his motor running and lights burning. The curb stop was made in a bus stop which was not a legal place for him to be. Furthermore plaintiff was driving in the curb lane about two feet from the curb.

To sustain the burden of his case plaintiff places great reliance upon the provisions of a Cincinnati ordinance entitled "Left Turns." It reads in full: "The operator of a vehicle or trackless trolley within an intersection intending to turn to the left shall yield the right of way to any vehicle or trackless trolley approaching from the opposite direction." (Sec. 506-86.) Of course, if the defendant violated this ordinance, and the violation was the proximate cause of the collision, she is guilty of negligence per se, or as a matter of law, and plaintiff is entitled to recover.

However, it is our finding that defendant did not violate the city ordinance and that it was the plaintiff's own negligence which directly and proximately contributed to his damage thus defeating his recovery.

The conduct of the plaintiff in this situation was short of what an ordinarily prudent person would have done under the same or similar circumstances. These are the significant facts: Plaintiff was only seventy feet from the intersection; he was parked illegally; streets were

not only wet but to some extent actually flooded; a stream of traffic was approaching from plaintiff's rear; visibility was extremely poor. All facts and circumstances make it apparent that plaintiff moved swiftly and abruptly from the curb southwardly on Montgomery with such haste that defendant could not reasonably have been aware of plaintiff's approach. Taking into consideration that he was parked closely adjacent to the curb, and the further fact that he was in a clearly marked bus stop, together with the impaired visibility, plaintiff acted negligently when he sprang from the curb without the assurance that he could do so with reasonable safety. The fact that the plaintiff was parked illegally is not all-controlling, but it is one of the factors present which made it incumbent upon him to exercise care in leaving the curb. Even if defendant had seen plaintiff motionless at the curb, defendant cannot be held to have anticipated plaintiff's negligent acts. Seeing plaintiff in an immobile situation at the curb, as she commenced her turn, naturally and properly her attention then would have been transferred to entering the side street with safety. It would be almost impossible for a left turn driver while actually turning, to continue his watch for a possible new element introduced into the stream of oncoming traffic. To require him to do this would be to encourage disregard for the safety of pedestrians and property moving or stationary on the side street.

Under the Cincinnati ordinance, already referred to, there is no question but that a driver intending to turn left has an obligation to exercise the necessary care required to accomplish the turn with safety. However, the ordinance clearly states that the party turning shall yield to any vehicle "approaching from the opposite direction." Most certainly the only logical and reasonable meaning of this language is that the car coming from the opposite direction must have established itself with safety in a lane of traffic so that it can be said actually to be "approaching"; and, of course, once it has earned its place in approaching traffic, it must proceed in all ways legal. The deficiency manifested on the part of the plaintiff in this case is that he simply had not secured such a place in moving traffic as entitled him to the benefit of safeguards provided by the city ordinance. Under all the circumstances here, a distance of seventy feet from the stop to the intersection was not sufficient to justify plaintiff to move as he did completely oblivious to a vehicle which had almost completed its left turn. Under other and different circumstances seventy feet might be enough, although it seems somewhat inadequate under any set of facts involving a jack rabbit start from a curb. I repeat that here we have not only a relatively short distance from stop to intersection, but a limited range of vision and flooded streets, a stop in a prohibited area, and the fact that the turning car was well into the side street when the incident occurred.

Judgment is for the defendant. The entry may be prepared accordingly.

It is believed this opinion satisfies the statutory requirement that, if requested, the court state in writing findings of fact and conclusions of law.